317-0777, consolidated with 318-0009. Clifton-Armstead Appellant by Michael Ratzak v. National Freight, Inc. and Derek Roberts, Appellees by Derek Shane. Good morning, Your Honors. Michael Ratzak here on behalf of the Appellant, Clifton-Armstead. This is the case in which the trial judge granted partial summary judgment on the nature of the injury based upon a statement that Mr. Armstead made in a workers' compensation settlement contract in Pennsylvania. The two issues are whether or not the court was correct in doing so, and then a further point raised by the defendant is whether or not the defendant was, if they lose the judicial admission argument, do they have a collateral stop? And before I get in, I apologize that I prepared. My brief did not have any issues in it, and I don't know how I left the issues out of it. As long as I've done this, it should have been there, but the defense counsel confiscated them, so I assume no harm. Our basic point on the judicial admission argument is very simple. To have a judicial admission, it has to be in court in that case, and obviously the admission that the defense relies upon wasn't in the California, it was in Pennsylvania. And the law nationally is clear that that's not a judicial admission. They put that kind of a limit on judicial admissions, I presume for some of the same reasons that the trial judge mentioned in the argument. It's clear that there are ample reasons and ample basis and equity to do it. The other reason that the judicial admission here should not be violated is because there wasn't actually a clear judicial admission. And I say that because the admission in the Orpus Compensation Procedure, of course, was that his injury was limited to a knee, and yet in the case that the trial judge had before him, there was an interrogatory answer under oath. It said he also had a back injury, and the trial court judge here, as you can see in the course of the argument, all the parties and the trial judge understood that this gentleman had a fusion before his accident in Pennsylvania, but also another fusion after his accident in Pennsylvania. I think the defense counsel in the trial court, the trial lawyer, said something basically through the fact that, well, yes, he did have the injury before his back that he was claiming as a result of his truck accident, but because it was a judicial admission, he gave it up. That's circular. The first question is whether there's a judicial admission. So our point is that it's ambiguous, and in support of that, we looked at the Robinson v. Baffin case where a doctor made two statements after victory for each other on five days, all testifying. We argued, because I was the losing attorney there, that the one statement was a judicial admission, but I'm doing that trial court said, no, you've got two statements. They're both under oath. They're both involving the same process. It's not going to be a judicial admission. We're going to have the jury decide that because there's an ambiguity. The other point is, I'm not sure it's a critical one, but we spent some time on it. The admission in Pennsylvania really does not mandate a judicial proceeding, and I don't think either side quarrels with the fact that you can only have a judicial admission if you're in a judicial proceeding. And we say that because the proceeding in Pennsylvania was a jury-limited proceeding. All the court, all the commission did was to look at a settlement contract and approve it. So was that a little bit of a Freudian slip there? You said all the court, all the commission did? If the court wasn't going to say it, I'm sure my opposing counsel would have heard it. Nobody has provided us with the Pennsylvania statute for us to examine it to decide whether it was a judicial proceeding or not. Is there a reason for that? I don't believe that it says anything on this. It's Section 449 because it's a regulatory procedure, and as in Illinois, the commissions tend to develop their own documents. But the document that they use there is the one that the court saw the phrase from, and it basically provides that what you sign here has no bearing on anything else. I mean, that's how I would read it, and I think that's how most people would read it. It's a jury-limited proceeding based upon the document that was signed. It had no reach beyond that, and it says it had no reach beyond that. And that bridges my argument to the collateralist office. It is a statement. It is nonetheless a statement. Yes, the statement by my client. It's a statement by your client. Yes, I don't know about that. In the document, in the approved settlement document, it says for some reason you signed it on hold, but that's clearly not the case because you can see from the document it wasn't on hold. But obviously there was some formality to the procedure. We don't know how much. None of us were there. Well, does it matter whether it's a judicial admission or a statement against interest? Because this is a statement that looks as though it's part of a contractual agreement. If it's simply a statement against interest, if it's an admission against interest, that's fine. When there's a trial of the case, I should myself try to keep it up, but that's the difference between an evidentiary admission and a judicial admission. This judicial admission cuts the lights off. Well, that's what I'm, since it's a trial of this case, I tried a case almost exactly like this when I was a real lawyer. I'm thinking maybe the trial judge tried to spare you the death of a thousand cuts by terminating it now because, at least in the case I had, the jury did not respond well for the plaintiff with that kind of thing. It may be, but as I've said so often to the courts, we get the opportunity to try. And a lot of this is going to come down to, we maybe have more, we have a situation here where we have both sides knowing when they went into the Pennsylvania case that there was a claim that went back into the case. The defense trial counsel admitted that that was something that was an issue in the Pennsylvania case, and they claim that they gave it up under judicial admission. This court says it's not a judicial admission, it's just an evidentiary admission, and they bring this up at trial. That counsel's admission that you ever knew about it is going to undercut the whole thing. I would suspect at the point of trial, someone is going to explain, an expert witness presumably, what really occurs in Pennsylvania. I know what occurs in Illinois because I used to do it, and it's a rubber stamp when these things go through in the morning, and it just has all the appearances. If I can't tell the court for that, sure, because we don't know. That brings us to the collateral estoppel argument. I think I should address that here, but I've been waiting for a rebuttal because I know what the point is. Our point is simply, and the trial court should say it very clearly, that document in Pennsylvania is one of the more unusual ones. And then it says, this doesn't apply to anything else. It's not a litigated binding on the merits, which is what is required for collateral estoppel. In fact, it goes on to say it can't even affect the obligations of third parties, which would be my opponent's client. And in light of that, it simply cannot be collateral estoppel. Unless the court has other questions for me, those are the basic, relatively simple issues that we have. Obviously, we'd ask for a reversal and a remand to continue. Thank you, counsel. Counselor. Good morning, Your Honors. May it please the court that Sarah Bain on behalf of Mr. Roberts and Anna Clyde. Counsel. So we are here to decide today, likely, what are the injuries that plaintiff is permitted to seek in the circuit court. I will submit that those injuries should be limited to the right knee strain for two reasons. One, as my counterpart indicated, could extend their judicial admission or prevent them from doing so pursuant to collateral estoppel. Addressing the points that Mr. Ratzak raised, it must be in the same case. The problem that Mr. Ratzak runs into is the Miller case, of course, as well as the Holtz case in Pennsylvania. In both instances, there was a determination in a worker's compensation case that addressed a concrete issue. It was clear, unimplicable, it was a statement. And the issue was identical in the two cases, the worker's not case as well as the case that followed. In both instances, there was a finding of a judicial admission. The Miller case is interesting in that that case did consider... The factual situation is different than this case, though. There weren't findings made in this case. It was settled, right? Sure. And with those conditions, those... This case was the product of a settlement. With those provisos that not used another thing, you know, those weird... Absolutely. And I promise, Tom, I will get to that. Maybe you better get to it now. I'll get to it right now. Okay. So I think it really goes more to the collateral estoppel issue than the judicial admission issue. But the question is, what is the impact of the without adoption or litigated determination on the merits of a matter of freedom? Because that makes it different than... You know, the case where there's findings and there's hearings and all that kind of stuff. And that's exactly what's going on. Because here we have a settlement agreement that was approved by the worker's compensation judge. And that became an adjudicated determination. The question is really whether there is an adjudicated determination, not whether there was a litigated determination, a final adjudication rather than a litigated determination. A litigated determination suggests that there was evidence in the way a testimony or exhibits documentary evidence was presented in an adjudicated determination. So you're reading that proviso out of the whole thing, you know, the thing that this can't be used for this and that. I'm not reading it out. I'm saying that it doesn't impact the court's ruling today. What does it impact? What area does it impact? I would simply say that it is a recognition that the worker's compensation judge saw that this was not the product of an evidentiary hearing, but it was the product of the two parties coming forward and decided to settle. That settlement, the terms of it were considered by the worker's compensation judge. He asked questions under oath to make sure that the claimants understood what he was agreeing to and then approved that settlement. So what are those words again? Say what those words are. Litigated determination versus final adjudication. No, no, no. The words in it says this is not. You know, that's just what you have to use for it. Without adoption of litigated determination on the merits of the matter. So what would that have impact on? Where does that apply? Can you give me one example? I'll do your proof. I would simply answer that it doesn't apply to collateral, supplemental, or... No, give me a supplemental word. What would it apply? Or is it just meaningless? I think it is simply a finding of fact that it is a product of a settlement other than... No, that's not answering my question. I'm sorry. What meaning does that have? That statement. What meaning does it have? Is it meaningless? No, I don't think it's meaningless. It's an explanation to the claimant or anyone reading the decision later that this was a product of a settlement and not a hearing with testimony and documentary evidence. So by you saying it's not meaningless, Judge Peterson didn't agree. Judge Peterson says, I think it's a complete misnomer. Every time I read it, I cringed. It means nothing. He did say that, yes. I'd like to know how you helped Judge Peterson to decide whether this was a judicial proceeding. Did you give him a copy of the statute? I don't believe that the section... Have you read the Pennsylvania statute? Yes, I have. I have it here. I'm happy to go through that. Did you include it in the record for us or in an appendix? It is not in the appendix. It was not submitted to Judge Peterson. Because the first thing I did is called my law clerk in and said, what's that statute say? And that's not our job. We shouldn't have to do that research. You should present it to Judge Peterson so he can make the best decision possible. And I'm confused why you didn't do so. I'm not trying to beat you up. I'm just trying to say I don't think Justice Peterson had a full quiver here. You know, he was forced to shoot from the hip a bit. It wasn't in your written objection. And certainly this court will abide by the noble review. And we'll consider all the various appeals provided as well as section 449. And I think section 449 has been met, was met by Judge Peterson. And it should be recommended that this is a final adjudication in the state of Illinois, vis-à-vis the clerical staff issue. As to moving back quickly to the judicial admission issue, my counterpart suggests that it should be an evidentiary admission and not a judicial admission. Well, let's say that he's right, that it would ordinarily be an evidentiary admission. The problem that the plaintiff runs into is that in response to the motion of partial summary judgment, the plaintiff did not conform with any document, such as an affidavit, indicating that the prior admission was unaddressed, was coerced, was mistaken, or for some reason is a question of fact as to what was admitted. The interrogatory answer that Mr. Rastak went into simply states that I'm not a medical professional, but a result of the occurrence I suffered injuries to my knee, low back, and shoulder. Well, that does not explain to the court that there was an occasion where the prior admission was caused to address or coercion or a mistake. So there is no question of fact here. The admission still stands. And that's another reason why a partial summary judgment was appropriate as to the admission before the workers' compensation judgment. The frequently stated purpose, and I'll end here unless there are additional questions from the court. The frequently stated purpose of the document of judicial admissions is to eliminate the temptation to commit perjury. So what it's really about is the question of truth. The truth here is that in the Pennsylvania matter, the claimant did initially suggest that there was a low back, a knee, and shoulder injuries. However, there was then an independent medical examination. An independent medical examination found there was nothing but a right knee strain here, and there's no basis for there to be a tendon for a shoulder or back injury. And that resulted, a couple months later, in a settlement agreement that was deferred by Judge Lincoln and approved and became a final adjudication. So to allow plaintiffs to contest a sworn admission in the Pennsylvania workers' compensation case, would we submit for perjury, which should not occur. And in affirmance, one last thought. As an affirmance here, does not leave the plaintiff without any potential means of recovery. If indeed his admission in the workers' compensation decision in Pennsylvania was incorrect, he was asked under oath, and then he was submitted. The settlement agreement indicates that he spoke to his attorney, and his attorney made him understand the legal implications of that determination. And if he got bad advice from that Pennsylvania attorney, he can seek relief through a legal malpractice. But the conditional language in the agreement negates any impact that that statement could have on anybody other than the parties to the agreement. How is that malpractice? I'm sorry, I'm not. The limiting language that says you can't use this for any other purpose, he's protected by that language. His attorney did a good job, didn't he? Well, it sounds like he's saying his attorney did not do a good job. And, you know, I don't know how that would turn out in Pennsylvania as to whether or not he would have legal malpractices to stand up or not. So I think you're being a little speculative about whether there is still a remedy available. Your client wasn't a party to that document. Your client was obviously not a party to the action in Pennsylvania. And your client didn't agree that anything the plaintiff said in Pennsylvania couldn't be used when the plaintiff sued your client here in Illinois. All right. I'm sorry, I lost my... Never mind. That's okay. Okay. No, that's all right. For the foregoing reasons, I ask that this court affirm the threshold summary judgment below. Thank you, sir. Counsel? Unless the court has some further questions for me, I don't see no reason I can't add anything further for this case. Well, let me ask you this. What possibly could be the strategic reason for somebody to go out and tell his employer in Pennsylvania that only his knee was hurt if, in fact, his back and something else were injured? What would that point of that be? Why possibly would he have done that? Yeah. I have to pitch back to my workers' compensation experience and say, these contracts are done in a hurry because I identified that from where you settled. The language in the contract doesn't have any meaning to anybody else. Somebody typed it out in a hurry and put it in. I can't say that's what the lawyer is going to say that, but I have a small suspicion that could be what happened. Because anybody would know exactly what the injury was. He had a fusion surgery and he paid his bills. Well, can somebody go out and make a statement to somebody and then say now, but you can't tell me that? We just don't know what the practice is in Pennsylvania. We don't – I agree this language is a little unusual, but we don't know why it's there. That probably is going to have an impact on whether or not it's a valuable evidentiary admission or not a valuable evidentiary admission in the trial, the first week of the trial. Was any of that valuable for here? I'm sorry? Was any of that Pennsylvania information valuable perhaps for this case on appeal? Not that I'm aware of. It wasn't given to the trial judge. Right. And I'm somewhat concerned about going beyond. I've been here in that circumstance before. I will not do that. Thank you. I appreciate it. Thank you. Thank you for your audience. Thank you for participating.